# Exhibit 1

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| MOLLY R. MELCHER<br>FENWICK & WEST LLP<br>555 CALIFORNIA ST., 12TH FLOOR   SAN FRANCISCO, CA 94104 | |

TELEPHONE NO.: (415) 875-2378 | FAX NO.  | E-MAIL ADDRESS *(Optional):* MMELCHER@FENWICK.COM

ATTORNEY FOR *(Name):* Plaintiff: APPLIED MINDS, LLC

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE: , NY

BRANCH NAME:

Hearing Date:  6/6/2024   Room:
Hearing Time:  5:00 PM   Dept:

PLAINTIFF:  APPLIED MINDS, LLC

DEFENDANT:  GUILD HALL OF EAST HAMPTON, INC.

CASE NUMBER:
**1:24-CV-01465**

## PROOF OF SERVICE

Ref. No. or File No.:

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
**I SERVED COPIES** OF THE FOLLOWING DOCUMENTS:

**ATTORNEY LETTER; NOTICE OF SUBPOENA DUCES TECUM TO MAASS, LLC.; SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

PARTY SERVED: **MAASS LLC**

PERSON SERVED: **KETYER LEGAL & RISK MANAGEMENT SERVICES - AGENT FOR SERVICE**

DATE & TIME OF DELIVERY: **5/24/2024 11:28 AM**

ADDRESS, CITY, AND STATE: **1376 Sally Ct East Meadow, NY 11554**

PHYSICAL DESCRIPTION: **Age: 45   Weight: 185   Hair: BLACK
Sex: Male   Height: 5'10   Race: CAUCASIAN**

MANNER OF SERVICE:
**Personal Service - By personally delivering copies.**

Fee for Service: $ 275.00
Registration No.:
County:
JPL PROCESS SERVICE, LLC
14482 BEACH BLVD. STE X
WESTMINSTER, CA 92683
(866) 754-0520



I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on  May 24, 2024.



Signature: _____
JOE DeROSA

## PROOF OF SERVICE

Order#: 225881E/General



555 California Street                    415.875.2300
12th Floor                               Fenwick.com
San Francisco, CA 94104

Molly R. Melcher
mmelcher@fenwick.com  |  415.875.2378

May 23, 2024

ACTION REQUIRED
VIA HAND DELIVERY

MAASS LLC
c/o Ketyer Legal & Risk Management Services
1376 Sally Court
East Meadow, NY 11554

Re:    *Applied Minds, LLC v. Guild Hall of East Hampton, Inc.,* Case No. 1:24-cv-01465-AT
       (S.D.N.Y.)

To Whom it May Concern:

        This firm represents Applied Minds, LLC, a plaintiff and counterclaim defendant in the above-referenced civil action filed by Applied Minds, LLC in the United States District Court for the Southern District of New York.

        Enclosed with this letter is a subpoena requiring MAASS, LLC to produce documents identified in the attached Schedule A by Thursday, June 6, 2024.  We are available at your convenience to discuss logistics for electronic production.

        Please do not hesitate to contact me at (415)-875-2378 or mmelcher@fenwick.com if you have any questions.


                                Sincerely,

                                FENWICK & WEST LLP

                                s/ *Molly R. Melcher*

                                Molly R. Melcher

MRM:gga

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------------x
                                           :
   APPLIED MINDS, LLC,                     :   Case No. 1:24-cv-01465
                                           :
              Plaintiff and Counterclaim   :
              Defendant,                    :
                                           :
        v.                                 :
                                           :
   GUILD HALL OF EAST HAMPTON, INC.,       :
                                           :
              Defendant and                :
              Counterclaim Plaintiff.      :
----------------------------------------------------------------x
```

## NOTICE OF SUBPOENA DUCES TECUM TO MAASS, LLC

PLEASE TAKE NOTICE that, pursuant to Rules 26, 34, and 45 of the Federal Rules of

Civil Procedure, Plaintiff Applied Minds, LLC ("Applied Minds") will cause a subpoena duces

tecum to be served upon non-party MAASS, LLC ("MAASS") commanding the production of

the documents set forth in Schedule A to the subpoena, a copy of which is attached hereto.

The subpoena requires that MAASS produce and permit inspection and copying of the

requested documents on or before June 6, 2024 to Fenwick & West LLP, 902 Broadway, 18th

Floor, New York, NY 10010.

Dated:  May 23, 2024                    */s/ Molly Melcher*
                                        Molly R. Melcher (*pro hac vice*)
                                        FENWICK & WEST LLP
                                        555 California Street, 12th Floor
                                        San Francisco, CA  94104
                                        Telephone:     415.875.2300
                                        Facsimile:      415.281.1350

                                        Charles E. Moulins (NY Bar No. 5304688)
                                        Justine A. Vandermel (NY Bar No.
                                        6089031) (*notice of appearance
                                        forthcoming*)

FENWICK & WEST LLP
902 Broadway, 18th Floor
New York, NY  10010-6035
Telephone:       212.430.2600
Facsimile:        650.938.5200

Joseph S. Belichick (*pro hac vice*)
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:       650.988.8500
Facsimile:        650.938.5200

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| APPLIED MINDS, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:24-cv-01465 |
| | ) | |
| GUILD HALL OF EAST HAMPTON, INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                       MAASS LLC
c/o Ketyer Legal & Risk Management Services, 1376 Sally Court, East Meadow, NY 11554
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Fenwick & West LLP | Date and Time: |
|---|---|
| 902 Broadway, 18th Floor, New York, NY 10010-6035 | 06/06/2024 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/23/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Molly Melcher |
| *Signature of Clerk or Deputy Clerk* | | _____ |
| | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        Plaintiff
Applied Minds, LLC                                                    , who issues or requests this subpoena, are:

Molly Melcher, Fenwick & West LLP, 555 California Street, 12th Floor, San Francisco, CA 94104 mmelcher@fenwick.com, 415-875-2378

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-01465

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Applied Minds,

LLC requests that MAASS, LLC, produce for inspection and copying the documents set forth

below at the offices of Fenwick & West LLP, 902 Broadway, 18th Floor, New York, NY 10010,

by the date set forth in the subpoena or at such other place and time as may be agreed to by

Applied Minds.

## DEFINITIONS

1.      These requests shall be construed in accordance with the definitions and rules

of construction set forth in Local Civil Rule 26.3 of the Local Civil Rules for the United

States District Courts for the Southern and Eastern Districts.

2.      **"You"** or **"MAASS"** refers to MAASS, LLC, and its predecessors, parents,

subsidiaries, divisions, successors, or affiliates, including any present or former officers or

directors, trustees, employees, agents, representatives, or attorneys, including, without

limitation, Jonathan Maass and Pamela Torres.

3.      **"Plaintiff"** or **"Applied Minds"** refers to Plaintiff and Counterclaim

Defendant Applied Minds, LLC, including any predecessors, successors, affiliates, agents,

representatives, employees, or attorneys.

4.       **"Defendant"** or **"Guild Hall"** refers to Defendant and Counterclaim Plaintiff

Guild Hall of East Hampton, Inc., and its predecessors, parents, subsidiaries, divisions,

successors, or affiliates, including any present or former officers or directors, trustees,

employees, agents, representatives, or attorneys.

5.      **"This Action"** refers to *Applied Minds, LLC, v. Guild Hall of East Hampton,*

United States District Court, Southern District of New York, Case No. 1:24-cv-01465.

6.      **"Parties"** refers to the Plaintiff and Defendant in This Action.

1

7.      The terms **"Communication"** or **"Communications"** mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8.      The terms **"Document"** or **"Documents"** are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate Document within the meaning of this term.

9.      The terms **"Person"** or **"Persons"** are defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

10.     The term **"Identify,"** when used with respect to:

    a.  any natural person, means to state the person's full name, present or last-known mailing address, present or last-known email address, and present or last-known employer.

    b.  any legal entity (such as a corporation, company, or person other than a natural person), means to state the entity's name, the place of incorporation or organization, the principal place of business, and the nature of the business conducted by that legal entity.

    c.  any Document, means to state the Document's title and subject matter, form (e.g., letter, memorandum, email, etc.), Document production number range, date, author(s), addressee(s), recipient(s), and name of its present custodian.

11.      **"Complaint"** refers to the Complaint filed in this Action and its accompanying exhibits, (Dkt. No. 1).

12.     **"Covered Time Period"** refers to January 1, 2020 to the present.

13.     **"Board"** refers to the members of Guild Hall's Board of Trustees during the Covered Time Period, both individually and collectively, including, without limitation, the

2

Board's Chairman, Martin Cohen.

14.     **"Master Agreement"** refers to the Master Development Agreement executed by the Parties and dated July 14, 2021, including any amendments and addenda thereto.

15.     **"Theater"** refers to the John Drew Theater located at 158 Main Street, East Hampton, New York 11937.

16.     The terms **"Deliverable"** or **"Deliverables"** mean prototypes, models, services, concepts, data, notes, designs, specifications, drawings, materials, products, methodologies, technology, Software, Documents, hardware, technical data, tools, developments, inventions, studies, reports, proposals, and any other tangible items delivered to Guild Hall by Applied Minds.

17.     The terms **"Presentation"** or **"Presentations"** mean formal and informal demonstrations given by Applied Minds to Guild Hall pertaining to the Theater's improvements and renovation project, including, without limitation, demonstrations pertaining to any Deliverable and any accompanying or related Documents thereto.

18.     **"The Star"** refers to The East Hampton Star Newspaper.

19.     **"Apeiro Design"** refers to the consulting firm Apeiro Design, Inc., and its predecessors, parents, subsidiaries, divisions, successors, affiliates, including any present or former officers or directors, trustees, employees, agents, representatives, and attorneys.

20.     The term **"including"** shall be construed to mean including but not limited to.

21.     The term **"concerning"** means relating to, referring to, describing, evidencing, or constituting.

22.     The term **"all"** means "any and all."

23.     The terms **"any"** or **"each"** should be understood to include and encompass "all" and vice versa.

3

24.     The term **"and"** should be understood to include and encompass "or."

25.     The terms **"and"** and **"or"** shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these requests.

26.     Any capitalized terms not otherwise defined herein shall have the meaning set forth in the Master Agreement.

27.     The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

28.     The singular form of any word shall be deemed to include the plural.  The plural form of any word shall be deemed to include the singular.

## **INSTRUCTIONS**

The following instructions shall apply to each of the requests herein:

1.     Furnish all available Documents in Your possession, custody, or control.  You must search computerized files, emails, voice mails, work files, desk files, calendars and diaries, and any other locations and sources if the requested materials might plausibly exist there. This includes, without limitation, responsive Communications sent or received on personal cell phones, email accounts, or any other electronic messaging application or social media network (including all primary and back-up files).

2.     Unless otherwise specified, all requests are for the Covered Time Period.

3.     To the extent permitted and authorized by law, these requests are continuing so as to require further and supplemental responses and production if You obtain additional Documents between the time of initial production and the time of trial.

4.     Produce electronically stored information ("ESI") in the manner that Plaintiff specifies in these instructions.  To the extent that production in another format is more convenient for You, Plaintiff is willing to meet and confer regarding the production of ESI.

5.       Produce all responsive Documents stored in machine-readable form in electronic form, in a combination of TIFF or native file formats.

6.       Produce TIFF images in Standard Group Four compressed single page tiffs in Black & White TIFF format, not grayscale.  All TIFF images should be at a compression rate of 300 DPI.

7.       Provide all Excel, spreadsheet, and database files and any other files that are problematic to render in TIFF image in Native Format with a link to the file location in the load file. Provide all PowerPoint or presentation files that contain materials or information that cannot be viewed in .tiff format in Native Format with a link to the file location in the load file.

8.       If You produce Documents using encrypted media, provide the necessary passwords or unencrypted copies of any media containing Document productions.

9.       Provide OCR text as multipage ".txt" files with the same name as the BegDoc for each record.  For hard-copy Documents, create the text using OCR techniques; otherwise, extract the text data directly from the electronic Document.  Provide a link to the OCR text in the .dat file.  Do not degrade the searchability of Documents as part of the Document production process.

10.      Name all volumes in a logical succession, i.e., VOL001.  Place the load files (.dat and .opt) in the volume folder and place the images and OCR text in subfolders under the volume folder.

11.      All TIFF images shall bear sequential control numbers, *e.g.*, Bates numbers, beginning with a distinct prefix.

12.      Documents You produce in electronic format shall contain at least the following metadata for all ESI You produce, to the extent such metadata exists, except if redacted for privacy or privilege reasons:

| FIELD NAME | FIELD DESCRIPTION |
| --- | --- |
| CUSTODIAN | A custodian of the Document |
| DEDUPE CUSTODIAN | All custodians of the Document |
| BEGDOC# | Start Bates (including prefix) |

5

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| ENDDOC# | End Bates (including prefix) |
| ATTACHRNG | Attachment Range |
| BEGATTACH | Parent Start Bates (includes prefix) |
| ENDATTACH | Last Attachment End Bates (includes prefix) |
| PGCOUNT | Page Count |
| AUTHOR | Author |
| FROM | From |
| TO | Recipient |
| CC | CC Field |
| BCC | BCC Field |
| DOCEXT | Document extension |
| DATERCVD | Email Received date (Date format MM/DD/YYYY) |
| TIMERCVD | Email Received time (Time format 00:00:00 _M) |
| DATESENT | Email Sent date (Date format MM/DD/YYYY) |
| TIMESENT | Email Sent time (Time format 00:00:00 _M) |
| DATELASTMOD | Date Last Modified (Date format MM/DD/YYYY) |
| TIMELASTMOD | Time Last Modified (Time format 00:00:00 _M) |
| DATECREATED | Date Created (Date format MM/DD/YYYY) |
| TIMECREATED | Time Created (Time format 00:00:00 _M) |
| SUBJECT | Email Subject |
| TITLE | Document Title |

6

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| DOCTYPE | Specifies if the Document is an Email, Attachment or Efile |
| FILENAME | File Name |
| FILEPATH | File Path |
| MESSAGEID | Email Message ID |
| THREADID | Email Reference Chain, where available |
| HASHCODE | MD5 Hash |
| CONFIDENTIALITY | Confidentiality Designation per the Protective Order (Format PUBLIC, CONF, AEO, OAEO) |

13.    Do not separate Documents attached to each other.

14.    If You seek to withhold any information based on some limitation of discovery (including, but not limited to, a claim of privilege) applicable to any Document, provide all parts of the Document within the scope of the requests that are not subject to the limitation.  For each item of information contained in a Document to which You claim privilege, provide at least the following:

    a.  The privilege You are asserting and the factual basis, including any applicable state privilege rules;

    b.  The type of Document;

    c.  The general subject matter of the Document;

    d.  The date of the Document;

    e.  The names and positions of the author of the document and all other persons participating in the preparation of the Document;

    f.  The names and positions of the addressees of the Document;

    g.  The name and position of any other individual who received the information in the Document;

   h. A description of the relationship of the author, addressees, and recipients of the

     Document to each other.

For email or message threads that contain multiple emails/messages, provide the above information

for each email/message.

   15. If Your response to a particular request is a statement that You lack the ability to

furnish the Documents in that request, You must specify whether the inability to comply is because

the particular item of information never existed, has been destroyed, has been lost, misplaced, or

stolen, or has never been, or is no longer in Your possession, custody, or control, in which case,

identify the name and address of any person or entity You know or believe to have possession,

custody, or control of that information.

   16. If a Document once existed and has later been lost, destroyed, or otherwise missing,

please identify the Document and state the details concerning the disposition of the Document.

   17. If, in responding to these requests, You claim there is any ambiguity in either a

particular request or a Definition or an Instruction, explain as part of Your response the language

You deem ambiguous and Your interpretation in responding to the particular request.

   18. If You have a good-faith objection to any request or any part of any request, state the

specific nature of the objection and whether it applies to the entire request or to specific parts of a

request.  If the objection relates to only part or part of a request, in accordance with Rule 34(b)(2)(C)

of the Federal Rules of Civil Procedure, identify the objectionable part or parts, identify or produce

any and all Documents responsive to the remaining parts, and identify the portions or aspects of the

request for which You are withholding responsive Documents or information based on Your

objection(s).

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

   1. All Documents and Communications concerning Your relationship with Guild

Hall and/or the Board, including, without limitation, Documents and Communications concerning

contracts and/or agreements (whether written or unwritten) between You and Guild Hall and/or

the Board, negotiations between You and Guild Hall and/or the Board, and the scope, duration,

and/or nature of the work performed by You for Guild Hall and/or the Board.

2.     All Documents and Communications concerning any capital improvements project to renovate Guild Hall's facilities—including any project to improve and/or renovate the Theater—from January 1, 2020 to the present, including, without limitation, Documents and Communications concerning budget, fundraising, and the goals and/or objectives for such project(s).

3.     All Documents and Communications concerning the retention of any firm, entity, or Person—including, but not limited to, Applied Minds and Bran Ferren—by Guild Hall and/or the Board for improvements and/or renovations to the Theater from January 1, 2020 to the present.

4.     All Documents and Communications concerning any agreements (whether written or unwritten) or contracts for the Theater's improvements and renovation project, including, without limitation, any negotiations between Guild Hall and/or the Board, on one hand, and any firm, entity, or Person, on the other hand—including, without limitation, Applied Minds and/or Bran Ferren—regarding the same.

5.     All Documents and Communications concerning the Theater's improvements and renovation project, including, without limitation, the budget, changes to the budget, project milestones, project timelines, changes to the project timeline, design and renovation requests by Guild Hall and/or the Board, and changes to any design and renovation requests by Guild Hall and/or the Board.

6.     All Documents and Communications concerning Guild Hall's goals and requirements related to the Theater's improvements and renovation project, including, without limitation, those related to audio-visual features, lighting systems, sound systems, projection capabilities, acoustic optimization, architectural lighting, audience experience, seating comfort, capacity, accessibility, internal and/or external structural reconfigurations, aesthetic appeal, and

9

the completion date for the project.

7.      All Documents and Communications between You and Guild Hall and/or the Board concerning the Theater's improvements and renovation project.

8.      All Documents and Communications between You, on one hand, and Guild Hall and/or the Board and/or any individual Board Members, on the other hand, concerning Applied Minds, Bran Ferren, and the credentials, qualifications, and/or performance of any work by the same, including any feedback, satisfaction, or dissatisfaction concerning work by the same.

9.      All Documents and Communications concerning Deliverables and/or Presentations submitted to Guild Hall and/or the Board by Applied Minds—including, without limitation, the March 2021 initial proposal, the August 2021 concept development and design direction presentation, the September 2021 conceptual design presentation, the October 2021 design and project supervision proposal, the November 2021 alteration feasibility study, the December 2021 conceptual illustrations, the January 2022 preliminary design estimate, the January 2022 final design conceptual presentation, the February 2022 preliminary concept, the April 2022 concept estimate, and the April 2022 design alternatives presentation—including, without limitation, Documents and Communications concerning Guild Hall and/or the Board's satisfaction with, impressions of, follow-up requests, and/or feedback for any such Deliverables and/or Presentations.

10.     All Documents and Communications concerning any deliberations or decisions by Guild Hall and/or the Board concerning the scope of the Theater's improvements and renovation project and Applied Minds's role in the project, including, without limitation, all Documents and Communications concerning Guild Hall and/or the Board's decision to have Applied Minds perform oversight for the Theater's improvements and renovation project and/or deliver a "turn-key" renovation of the Theater.

11.     All Documents and Communications concerning Guild Hall and/or the Board's decision to terminate Applied Minds' involvement and role in the Theater's improvements and renovation project, including, without limitation, any deliberations concerning such decision, the factors considered in reaching such decision, and Your involvement, advice, and/or input for the same.

12.     All Documents and Communications concerning invoices received by Guild Hall and/or the Board from Applied Minds, including, without limitation, the amount of invoices, the obligation to pay invoices, and the materials, work, and services that the invoices related to.

13.     All Documents and Communications concerning Apeiro Design, including, without limitation, Guild Hall and/or the Board's decision to retain Apeiro Design and any factors considered in reaching this decision, Guild Hall and/or the Board's assessment of Apeiro Design's qualifications and credentials, and any comparison by Guild Hall and/or the Board of Apeiro Design to other firms, including, without limitation, Applied Minds.

14.     All Documents and Communications exchanged between You, Guild Hall, and/or the Board, on one hand, and Apeiro Design, on the other hand, concerning the renovation and/or re-design of the Theater, including, without limitation, Documents and Communications concerning Guild Hall and/or the Board's: negotiations and ultimate agreement with Apeiro Design, discussions with Apeiro Design concerning the Theater and/or the design developed by Applied Minds prior to Applied Minds' termination, the exchange of any Deliverables or Presentations prepared by Applied Minds to Apeiro Design, the structural, technological, and/or aesthetic objectives communicated to Apeiro Design, the scope of the work performed by Apeiro Design, the budget for the work performed by Apeiro Design, the timeline for the work performed by Apeiro Design, Your request for any re-design work by Apeiro Design, the ultimate cost of all work performed by Apeiro Design, and Guild Hall and/or the Board's satisfaction with Apeiro

11

Design's performance.

15.    All Documents and Communications concerning any use whatsoever of Applied Minds's Presentations or Deliverables by Guild Hall, the Board, Apeiro Design, and/or any other entity or individual, for the development of the Theater design and the execution of Theater renovations at any time, including before and after the termination of Applied Minds's involvement in the Theater's improvements and renovation project.