UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
APPLIED MINDS, LLC,

           Plaintiff and Counterclaim
           Defendant,

    v.

GUILD HALL OF EAST HAMPTON, INC.,

           Defendant and Counterclaim
           Plaintiff.
-------------------------------------------------------------X

Case No. 1:24-cv-01465-AT-SLC

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

**WHEREAS**, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

**ORDERED,** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties and any subpoenaed non-parties or third parties in connection with the pre-trial phase of this action:

    1. Counsel for any party, including any non-party or third party to whom a subpoena is issued in connection with this proceeding, may designate, in whole or in part, as "CONFIDENTIAL" and subject to this Order, any information, document, testimony, or thing, or portion thereof: (a) that contains private or confidential personal information, (b) that contains information received in confidence from third parties, or (c) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, including copies, information extracted from protected material, summaries or compilations, and conversations or presentations by the parties or their counsel that might reveal Confidential material.

    2. Any party to this litigation and any third party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY" and subject to this Order any information, document, testimony, or thing, or portion thereof: (a) that contains proprietary and/or competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. The Parties should meet and confer if any produced materials require a designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY", provided that absent further agreement, such designated materials shall only be disclosed to the individuals or entities expressly enumerated in Section 8 below.

3. Together, "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY" materials are referred to herein as "Protected Material."

4. The producing party shall affix to all documents the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY" to each page that contains Protected Material.

5. Protected Material disclosed will be held and used by the person receiving such information solely for use in connection with this action.

6. In the event a party challenges another party's designation of any document or information as Protected Material (as defined above), counsel shall first make a good faith effort to resolve the dispute and, in the absence of a resolution, the challenging party may seek resolution by the Court.

7. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party's counsel, including in-house counsel;

   b. Employees and other personnel of such counsel assigned to and necessary to assist in the litigation;

   c. The officers, directors, consultants, employees (including in-house counsel), and other personnel of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

   d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided any such consultant or expert first executes the "Acknowledgement and Agreement to Be Bound" annexed hereto as Exhibit A; and

   e. The Court and its personnel having access to any Protected Material by virtue of his or her position with the Court, jurors, court reporters and their staff, and any mediator hired by the parties;

   f. Professional jury or trial consultants, professional vendors, the employees and subcontractors of each of the foregoing, mock jurors, and any other providers of litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) to whom disclosure is reasonably necessary for litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

   g. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A); and

    h. The author or recipient of a document containing the information or a custodian or other person who otherwise received, possessed, or knew the information.

8. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY" only to:

    a. The receiving party's outside counsel of record, as well as employees or other personnel of such counsel assigned to and necessary to assist in the litigation;

    b. Designated in-house counsel of the receiving party, identified by the receiving party in advance, who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

    c. Consultants, investigators, or experts employed by the parties or counsel to assist in the preparation and/or trial of this proceeding, who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

    d. The Court and its personnel having access to any Protected Material by virtue of his or her position with the Court, jurors, court reporters and their staff, and any mediator hired by the parties;

    e. Professional jury or trial consultants, professional vendors, the employees and subcontractors of each of the foregoing, mock jurors, and any other providers of litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) to whom disclosure is reasonably necessary for litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A); and

    f. The author or recipient of a document containing the information or a custodian or other person who otherwise received, possessed, or knew the information.

9. For testimony given in a deposition, other pretrial proceedings, or at trial, the designating party may specify, at the proceeding or up to 30 days afterwards, that the entire transcript or portions of the transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY." The designating party shall give notice to other parties if it reasonably expects that portions of testimony at a proceeding will include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present.

10. The use of a document as an exhibit at a deposition or pre-trial hearing shall not in any way affect its designation as Protected Material. When a party's or third party's Protected Material is discussed or disclosed during a deposition or pre-trial hearing, the party or third party may exclude any person not authorized under this Order to have access to the Protected Material from the deposition or pre-trial hearing while the Protected Material is disclosed or discussed.

11. A party may challenge another party's designation of one or more documents or information Protected Material by providing written notice of each designation it is challenging and describing the factual and legal basis for each challenge, reciting this paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue) within 10 days from the date of service of notice. In the absence of a resolution, the challenging party shall seek resolution by the Court within 20 days of the initial notice of the challenge, meaning within 10 days of the parties agreeing that the meet and confer process will not resolve their dispute, or 10 days of the conference deadline if no such conference occurred, whichever is earlier. The burden of persuasion in any such challenge proceeding shall be on the designating party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) or blanket designations of Protected Material made by a party without a sufficient basis may expose the offending party to sanctions.

12. Prior to disclosing or displaying Protected Material to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that a court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c. Require each such person to sign the "Acknowledgement and Agreement to be Bound" (Exhibit A).

13. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as such at a later time, provided there is good cause for doing so.

14. Should any Protected Material be disclosed by a receiving party to any person not otherwise authorized to have access to such information under this Order, the receiving party shall: (a) use its best efforts to obtain the prompt return or destruction of any such material and to bind such person to the terms of this Order; and (b) within three (3) days of the discovery of such disclosure, (i) inform such person of the provisions of this Order, (ii) identify such person and the material disclosed to the producing party, and (iii) request such person sign an undertaking in the form of Exhibit A attached hereto. If executed, the undertaking shall be served upon counsel of record for the producing party within seven (7) days of its receipt by the receiving party. The requirements set forth in this paragraph shall not prevent the producing party from applying to the Court for further or additional relief. It is agreed that, so long as the party which made the inadvertent disclosure complies with the requirements of this Section 14 expeditiously and in good faith, the producing party shall have no cause of action or other claim against the receiving party as a result of such inadvertent disclosure.

15. Any Personal Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in

discovery shall be maintained by the receiving party in a manner that is secure and shall properly dispose all PII following the conclusion of this action.

16. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

17. Notwithstanding the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal.  The parties shall follow the Court's procedures for requests for filing under seal.

18. At the conclusion of litigation, Protected Material, including any copies thereof, shall be promptly (and in no event either 30 days after entry of final judgment or when final judgment is no longer subject to further appeal, whichever is later) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

19. Nothing herein shall preclude the parties from disclosing Protected Material if otherwise required by law or pursuant to a valid subpoena.

20. Nothing in this Protective Order constitutes an admission by any party that any Protected Material disclosed in this action is relevant or admissible.  Each party reserves the right to challenge or object to the use or admissibility of such document or information during the course of this action, including the trial thereof.

**SO STIPULATED AND AGREED.**

Dated: July 9, 2024        **FENWICK & WEST LLP**

                                                  By: */s/ Molly R. Melcher*
                                                      Molly R. Melcher

*Attorneys for Applied Minds, LLC*

Dated: July 9, 2024        **REA & ASSOCIATES, LLC**

                                                  By: */s/ Jeffrey J. Rea*
                                                      Jeffrey J. Rea

*Attorneys for Guild Hall of East Hampton, Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: July 10, 2024

                                                   Honorable Sarah L. Cave
                                                   United States Magistrate Judge