UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

APPLIED MINDS, LLC,

                          Plaintiff,

            -against-

GUILD HALL OF EAST HAMPTON, INC.,

                          Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/19/2026_

24 Civ. 1465 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Applied Minds, LLC ("AMI"), brings this action seeking to recover over $1.8 million in unpaid invoices from Defendant, Guild Hall of East Hampton, Inc. ("GH"), arising from a contract the parties entered into in July 2021. *See generally* Compl., ECF No. 1. Under the contract, AMI provided design and supervision services to GH, a non-profit visual and performing arts organization, in connection with GH's renovation of the John Drew Theatre (the "Theatre"), but GH terminated the contract when the project costs increased. *Id.* ¶¶ 39, 42, 55, 57. GH asserts counterclaims against AMI for breach of contract, fraudulent inducement, and negligent misrepresentation. *See generally* Am. Countercls., ECF No. 107. Before the Court is AMI's motion to dismiss GH's counterclaims. *See* Mot., ECF No. 122; *see also* Mem., ECF No. 124; Opp., ECF No. 126; Reply, ECF No. 131. Pursuant to an order of reference, the Honorable Sarah L. Cave issued a report (the "R&R") recommending that the Court grant the motion. *See* ECF No. 33 (order of reference); R&R at 2, ECF No. 136; *see also* Objs., ECF No. 137-1; Resp., ECF No. 138. For the reasons stated below, the Court overrules GH's objections, adopts the R&R in full, and grants Plaintiff's motions to dismiss.

**DISCUSSION**

I.    Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which the objection is made.  *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025) ("Where a litigant's objections take issue with a specific legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." (quotation omitted)).  However, the Court reviews strictly for clear error "when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (citation omitted).  Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate [judge] but were not."  *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record."  *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).  An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II.     GH's Objections

A.  Citations to the Complaint

GH claims that Judge Cave "adopted some of the allegations" within AMI's complaint when considering the merits of GH's amended counterclaims, which it contends is not appropriate for the purposes of determining AMI's motion.  Objs. at 1 (citing R&R at 1).  This objection is conclusory, so the Court reviews the R&R for clear error and finds none.  Although the Court agrees that in deciding a motion to dismiss counterclaims, the Court should accept as true all well-pleaded facts within the counterclaims, *see, e.g.*, *IQ Dental Supply, Inc. v. Henry Schein, Inc.*, 924 F.3d 57, 61 n.1 (2d Cir. 2019), the R&R cites the complaint twice in the introduction section to describe the nature of this action.  *See* R&R at 1.  Judge Cave later explicitly states that "[f]or purposes of analyzing the [m]otion, we accept the allegations in the Amended [Counterclaims] . . . as true and draw from them all reasonable inferences in GH's favor."  R&R at 2.  Accordingly, the objection is overruled.

B.  Breach of Contract Counterclaim

GH asserts two objections to the R&R's findings and conclusions regarding its breach of contract counterclaim.

1.  AMI's October 2021 Presentation

First, GH contends that the R&R incorrectly concluded that all of AMI's services to GH on the Theatre project were provided under the parties' July 2021 contract.  Objs. at 2; *see also* July 2021 Contract, ECF No. 123-1.  GH argues that the R&R "ignores or substantially overlooks" AMI's October 2021 presentation and asserts that its breach of contract claim is based on that presentation.  Objs. at 2; *see also* ECF 123-2 (AMI Oct. 2021 presentation).  GH further contends that the R&R overlooked the content within the presentation when evaluating Plaintiff's motion.  *Id.*  Because the

3

Court construes the objection to take issue with a specific finding in the R&R, it reviews that finding *de novo*.

GH asserts a counterclaim for breach of contract, alleging that "AMI materially breached the Agreement," which it defines as the "written agreement" it entered into "with AMI," in July 2021. Am. Countercls. ¶¶ 12, 42. Accepting the allegations in GH's amended counterclaims as true, the basis of GH's breach of contract claim is the July 2021 contract. The Court rejects GH's argument that the October 2021 presentation is the basis for its breach of contract claim and that Judge Cave failed to consider the presentation as part of her breach of contract analysis. GH's amended counterclaims do not put forth this allegation, and GH provides no basis for the Court to construe the presentation as a contract. To the extent that GH attempts to make new factual allegations in its objections, those attempts fail. *See Cardwell v. Davis Polk & Wardwell LLP*, No. 19 Civ. 10256, 2020 WL 6274826, at *35 (S.D.N.Y. Oct. 24, 2020) ("[A] party opposing a motion to dismiss cannot amend its complaint by making new factual allegations in a memorandum of law opposing that motion or attaching evidentiary matter." (citation omitted)); *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the [R&R], and indeed may not be deemed objections at all." (cleaned up)). The Court, therefore, overrules GH's objection.

2. Termination of Contract

Second, GH objects to Judge Cave's conclusion that it terminated AMI for convenience because the R&R "ignores the fact that GH had informed AMI at the time of the termination that GH had numerous grounds to terminate AMI for cause," therefore putting AMI "on notice" that GH believed it had grounds to terminate the contract for cause. Objs. at 2–3. Because GH objects to a specific legal conclusion in the R&R, the Court reviews the legal conclusion *de novo*.

4

Under New York Law, when a party terminates its contract for convenience, rather than for cause, that party cannot bring a breach of contract claim. *See Tishman Const. Corp. v. City of New York*, 228 A.D.2d 292, 293 (1996) ("Where [a party] elects to terminate for convenience . . . whether with or without cause, it cannot counterclaim for the cost of curing any alleged default."). GH's reliance on *Millgard Corp. v. E.E. Cruz/NAB/Fronier-Kemper, J.V.* to support its contention that it "should not be legally precluded [to assert a breach of contract counterclaim] by electing to terminate AMI for convenience," is misplaced. Objs. at 3. In *Millgard*, the Court held that a party terminating a contract "is not bound by its initial rational[e] for termination, provided that (1) it was not acting in bad faith, and (2) [the party] did not change its position in reliance upon the initial reason given for termination." *Millgard Corp. v. E.E. Cruz/NAB/Fronier-Kemper, J.V.*, No. 99 Civ. 2952, 2003 WL 22801519, at *5 (S.D.N.Y. 8 Nov. 24, 2003). The Court's analysis addressed an affirmative defense to termination for convenience, not a breach of contract counterclaim as GH raises here. The Court is, therefore, not persuaded that *Millgard* undermines the New York law principle barring GH from bringing its breach of contract counterclaim because it elected to terminate AMI for convenience. Accordingly, the objection is overruled. The Court also sees no clear error in adopting Judge Cave's conclusion, to which no objection was made, that GH failed to identify the breached provisions in its counterclaims as a second basis for dismissal. *See* R&R at 8–10.

C.  Fraudulent Inducement Counterclaim[1]

GH contends that Judge Cave "should have permitted the parties to supplement the record with pertinent deposition testimony and convert AMI's" motion into a summary judgment motion because even though Judge Cave acknowledged that GH's allegations satisfy the requirements of

---

[1] GH contends that the R&R "ignores or substantially overlooks" the content within AMI's October 2021 presentation. *See* Objs. at 3. Judge Cave, however, considered the presentation and concluded that it cannot serve as the factual basis for GH's fraudulent inducement claim because the presentation occurred after the parties entered into the July 2021 contract. *See* R&R at 12 n.5. The Court views this objection as conclusory and reviews Judge Cave's conclusion for clear error and finds none. The objection is, therefore, overruled.

Federal Rule of Civil Procedure 9(b), the R&R concluded that GH had not sufficiently pleaded a fraud claim.  Objs. at 3.  First, because GH does not dispute the R&R's conclusion that it failed to sufficiently plead a fraudulent inducement claim, the Court adopts that conclusion, finding no clear error.  Next, because the objection disputes the R&R's legal conclusion precluding further discovery, the Court reviews the conclusion *de novo*.  Where a claimant has failed to sufficiently plead a claim, further discovery is impermissible.  *See Zappin v. Cooper*, No. 23-165, 2024 WL 3084015, at *4 (2d Cir. June 21, 2024) ("[T]he law is clear that discovery is not warranted where, as here, [GH] has 'failed adequately to state a claim.'" (quoting *Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016)).  GH's objection, therefore, fails and is overruled.

      D.  Negligence Misrepresentation Counterclaim

     For the first time in its objections, GH argues that it had a special relationship with AMI such that it may assert a constructive fraud counterclaim against AMI.  Objs. at 3–4.  GH further contends that its constructive fraud counterclaim renders the R&R's conclusion dismissing its negligence counterclaim "erroneous."  *Id.* at 4–5.  Because these are new arguments that GH could have raised before Judge Cave, and did not, the Court does not address them.  *See Gladden*, 394 F. Supp. 3d at 480.  Moreover, as Judge Cave noted in the R&R, when AMI raised arguments in its motion to dismiss that "GH failed to plead reasonable reliance and a special relationship between the parties . . . GH d[id] not address these arguments in [its] [o]pposition."  R&R at 18–19.  GH, therefore, waived these arguments.  *See SJN Props. LLC v. Harleysville Ins. Co.*, 738 F. Supp. 3d 405, 417 (S.D.N.Y. 2024).  These objections to the R&R are accordingly overruled.

      E.  Leave to Amend

     Judge Cave concluded that GH should not be granted leave to further amend its counterclaims because "GH has already had the opportunity to amend its counterclaims, with the benefit of information it learned during fact discovery, and therefore granting leave to amend again 'is unlikely

to be productive.'"  R&R at 20 (citing *Richardson v. Com. Media Holdings, LLC*, No. 24 Civ. 4660, 2025 WL 919670, at *4 (S.D.N.Y. Mar. 26, 2025)).  Judge Cave also concluded that because discovery is complete, a proposed amendment that could reopen discovery would prejudice AMI. *See* R&R at 21 (citing *Gause v. Suffolk County*, No. 02 Civ. 4600, 2007 WL 330241, at *2 (E.D.N.Y. Jan. 25, 2007)).  GH has not objected to this conclusion, and the Court finds no clear error in it. Although "[a]s a general matter, leave to amend is . . . freely given," the Court does not grant such leave when amendment would be futile, that is, when amendment "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *S.G. v. Bank of China Ltd.*, No. 23 Civ. 2866, 2024 WL 1861158, at *4 (S.D.N.Y. Apr. 29, 2024), *aff'd sub nom. S.G. v. Bank of China U.S.A.*, No. 24-1426, 2024 WL 4891390 (2d Cir. Nov. 26, 2024); *see also Berkley Assurance Co. v. John H. Fisher, P.C.*, 771 F. Supp. 3d 292, 302 (S.D.N.Y. 2025) (holding that denial of leave to amend is proper where party fails to specify how proposed amendments would cure deficiencies in their claims).  Because the Court adopts Judge Cave's reasoning that amendment would be futile and potentially prejudice AMI, and because GH does not request such leave in its opposition brief or objections, the Court dismisses GH's counterclaims with prejudice.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES GH's objections to the R&R and ADOPTS the R&R in full.  AMI's motion to dismiss GH's amended counterclaims is GRANTED.  GH's amended counterclaims are DISMISSED with prejudice.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 122.

SO ORDERED.

Dated: March 19, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge

7